**Douglas F. LABRUM dba Unimanage, Plaintiff and Appellant,**

v.

**Nathan HANSEN, Defendant and Respondent.**

No. 17923.

Supreme Court of Utah.

June 17, 1983.

David Nuffer, St. George, for plaintiff and appellant.

Phillip L. Foremaster, St. George, for defendant and respondent.

HALL, Chief Justice:

Plaintiff brought this action to recover sums alleged due on a contract of sale and on a promissory note. Defendant counterclaimed, alleging sums owing as commissions on sales of insurance. The trial court awarded judgment in favor of plaintiff on the contract, declared the note void and unenforceable, and awarded defendant an offset for unpaid sales commissions. Plaintiff appeals, challenging the judgment as not being supported by the evidence. Defendant concedes that the award of the sum due on the contract is mathematically in error, it being $33.87 less than was supported by the evidence.

Plaintiff first employed defendant as a bookkeeper and later as a commission salesman in his insurance business known as Localized Insurance and Investments (Localized). Defendant purchased from plaintiff certain office furniture for the agreed price of $1,135.49. Their agreement was reduced to writing but never executed by the parties. However, the existence of the contract was not in dispute, nor was it in dispute that two payments were made toward the purchase price, one in the amount of $225 as a down payment, and the other in the amount of $200, withheld from defendant's sales commissions. The un-

signed contract reflected a further down payment on the furniture of $283. However, the payment of this sum was in dispute. Defendant testified that it was his understanding that the sum had also been withheld from his sales commissions.

When the parties terminated their business relationship, defendant's testimony was that there was still owing to him the sum of $850 in sales commissions. Also, at the time of their final meeting, plaintiff insisted that defendant sign the note in question in the amount of $14,984.35. Plaintiff claimed that it was defendant's responsibility to collect premiums due on insurance sold by him, or to cancel the insurance coverage. If the premium was not paid within 45 days of the due date, the agency, Localized, would pay the amount owing as premiums to the insurance company, and collect from the customer later. At the time of defendant's termination, the ledger sheet showing the past due premiums from defendant's customers totalled $14,984.35. Plaintiff testified that defendant agreed to be responsible for the premiums and signed the promissory note payable to Labrum in his individual capacity (not to Localized) to memorialize the sums due. Defendant was to contact his customers and encourage them to pay their accounts, which he did. At the time of trial, the sums owing on these accounts had been reduced to $6,683.14.

Defendant acknowledged that it was his responsibility to assist in collecting the premiums, and that he had the power, though not the primary responsibility, to cancel the insurance coverage, but he testified that he never guaranteed payment of his customers' premiums, in writing or otherwise, and that he signed the promissory note under duress. He claimed that plaintiff threatened to report him to the Insurance Commissioner, and to see to it that he did not work in insurance thereafter if he did not sign the note. He also testified that plaintiff refused to permit him to leave the office until he signed the note.

Defendant's evidence in support of his counterclaim was that the parties had orally agreed that the sum of $1,500 was owing for sales commissions and that plaintiff had paid only $650, leaving $850 owing. On the other hand, plaintiff's evidence consisted of a ledger sheet exhibit which reflected that only the sum of $244.18 remained owing to defendant. Also, plaintiff proffered evidence that defendant overdrew his 1979 commissions by $6,633.66. However, as pointed out by the trial court, plaintiff's pleadings did not encompass a claim for recovery of overdrawn commissions.

Based on the foregoing facts, the trial court concluded that plaintiff was entitled to the sum of $426.62 as the balance owing on the furniture contract, less the sum of $250 owing in sales commissions to defendant, which was to be offset against the sum owing. However, in its judgment that followed, the court actually awarded plaintiff the net sum of $426.62. Nevertheless, that sum was also mathematically incorrect, as discussed *infra.* The court further concluded that the promissory note was signed under duress, and without consideration, and was therefore unenforceable. Judgment was entered accordingly.

Plaintiff filed objections to the court's findings, conclusions and judgment on the grounds, *inter alia,* that they contained mathematical errors in the award of the contract balance and sales commissions. The court denied the motion, but reserved ruling on the mathematical errors. In the meantime, plaintiff's appeal was filed.

Plaintiff's contentions as to the sufficiency of the evidence are without merit when viewed in light of the well-accepted rules of appellate review. The necessary deference given the decision of the trial court constrains us to view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to its judgment,[1] and we will not overturn the ruling of the trial court unless it is without substantial support in the evidence.[2] Applying

**1.** *Hal Taylor Associates v. Unionamerica, Inc.,* Utah, 657 P.2d 743 (1982); *Piacitelli v. Southern Utah State College,* Utah, 636 P.2d 1063 (1981).

**2.** *Id.*

those standards of review in the instant case, it clearly appears that the record supports the judgment of the trial court.

Although in conflict, there was substantial evidence that the sums paid toward the $1,135.49 purchase price of the furniture totalled $450, leaving an unpaid balance of $710.49. Had the unpaid sales commission of $250 as found by the trial court been offset against that balance, the mathematically correct judgment in favor of plaintiff should have been in the amount of $460.49, as is conceded by defendant.

In regard to the validity of the promissory note, again, the evidence was in conflict. However, there was substantial, believable and admissible evidence that there was no antecedent debt, and hence no consideration for the note.

As to the sales commissions issue, it was reasonable for the trial court to conclude that plaintiff's evidence, consisting of a ledger sheet exhibit, was more believable than defendant's testimony of the existence of a contrary oral agreement, and that the sum of $244.18, for some reason rounded off to $250, was owing. Notwithstanding the fact that there was evidence that defendant overdrew commissions in 1979 far in excess of that amount, plaintiff is not entitled to recover the purported additional amount of the overdraw because he failed to plead it.

We remand for the purpose of amending the judgment in favor of plaintiff to reflect the sum of $710.40 owing on the furniture contract, subject only to the offset in the amount of $244.18 for unpaid sales commissions. No costs awarded.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.